Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| YAMIZKA MONTIJO MAISONET, ET AL.<br><br>Recurridos<br><br>v.<br><br>KINGDOM CHRISTIAN ACADEMY, CORP., ET AL.<br><br>Peticionarios | KLCE202301386 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. DO2020CV00121<br><br>Sobre: Acometimiento o Agresión |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Juez Mateu Meléndez[1]

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

### I.

El 7 de diciembre de 2023, el Sr. Ángel Molina Galí, la Sra. María López Malavé, la Sra. Maribel Arrieta, The Kingdom Christian Academy, Corp. y Casa de Transformación y Restauración Familiar, Inc. (parte peticionaria), presentaron una *Petición de Certiorari* en la que nos solicitaron que revoquemos una *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 7 de noviembre de 2023.[2] En virtud del aludido dictamen, el foro primario declaró Sin Lugar la *Moción de reconsideración* presentada por la parte peticionaria el 6 de noviembre de 2023.[3]

Posteriormente, el 11 de diciembre de 2023, la parte peticionaria presentó una *Solicitud de paralización de los procedimientos ante el Tribunal de Primera Instancia* al amparo de la Regla 35 del Reglamento del Tribunal de Apelaciones.

---

[1] Mediante Orden Administrativa OATA-2023-215, se designa a la Juez Mateu Meléndez en sustitución de la Jueza Birriel Cardona, quien dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.
[2] Notificada a las partes en esa misma fecha. Apéndice de la Petición de *Certiorari*, pág. 36.
[3] *Íd.*, págs. 34-35.

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

## II.

El caso de marras tuvo su génesis en una demanda sobre daños y perjuicios incoada el 15 de julio de 2020 por el Sr. Rafael Salgado Agosto, la Sra. Yamizka Montijo Maisonet y la Sociedad Legal de Gananciales compuesta por ambos, por sí y en representación de su hija menor de edad, V.A.S.M. (parte recurrida). Posteriormente, la demanda fue enmendada. En síntesis, expusieron que la parte peticionaria le ocasionó daños como consecuencia de un alegado maltrato institucional. En específico, el señor Salgado Agosto y la señora Montijo Maisonet adujeron que su hija menor de edad sufrió una agresión a manos de la Srta. Lizmarie Rivera, maestra de la menor en la escuela The Kingdom Christian Academy. Ante esto, reclamaron una cantidad total de $400,000.00 en concepto de daños sufridos, más una suma para costas, gastos y honorarios de abogado.[4]

Luego de varios incidentes procesales, el 10 de octubre de 2023, el foro primario celebró una vista sobre el estado de los procedimientos y le proveyó a la parte recurrida hasta el 23 de octubre de 2023 para rendir su informe pericial.[5]

Así las cosas, en la mañana del 24 de octubre de 2023, la parte peticionaria presentó una *Moción solicitando se dé por renunciado el informe pericial de los demandantes* debido a que no había recibido el aludido informe. Posterior a ello, en esa misma

---

[4] *Íd.*, págs. 16-27.
[5] *Íd.*, págs. 14-15.

fecha, la parte recurrida entregó por correo electrónico el informe pericial y presentó la *Moción en réplica a solicitud de orden e informativa.* En dicha moción, la parte recurrida sostuvo que el TPI le concedió hasta el 24 de octubre de 2023 para presentar el informe pericial.

El 24 de octubre de 2023, el foro primario emitió una *Orden* en la que resolvió que se daba por concluido el asunto referente al informe pericial.[6] En desacuerdo con dicha determinación, el 6 de noviembre de 2023, la parte peticionaria presentó una *Moción de reconsideración.*[7] Sin embargo, el 7 de noviembre de 2023, el TPI la declaró Sin Lugar.[8]

Inconforme, la parte peticionaria acudió ante nos mediante el recurso de *certiorari* e imputó al TPI el siguiente error:

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN RADICADA POR LOS COMPARECIENTES Y ADMITIR EL INFORME PERICIAL RADICADO POR LOS DEMANDANTES RECURRIDOS FUERA DEL TÉRMINO ORDENADO, ABUSANDO CRASAMENTE DE SU DISCRECIÓN Y OCASIONANDO UN FRACASO DE LA JUSTICIA.

A continuación, pormenorizaremos las normas jurídicas atinentes a la petición.

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

---

[6] *Íd.*, pág. 33.
[7] *Íd.*, págs. 34-35.
[8] *Íd.*, pág. 36.

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1,[9] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. **Scotiabank v. ZAF Corporation, et als.**, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. **Mun. de Caguas v. JRO Construction**, 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. **Torres Martínez v. Torres Ghigliotty**, 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de las de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que

---

[9] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[10]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, supra; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451,

---

[10] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, supra, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

## IV.

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite nuestra intervención. De igual forma, entendemos que la controversia que el foro primario tiene ante su consideración no se vería bien servida por nuestra intervención, debido a que la etapa del procedimiento en que se presenta este caso no es la más propicia para su consideración. No intervendremos con el manejo del caso que ha delimitado el TPI.

**V.**

Por las razones expuestas, se *deniega* la expedición del auto de *certiorari*. En vista de nuestra determinación, la *Solicitud de paralización de los procedimientos ante el Tribunal de Primera Instancia* se torna académica.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones